FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2010

JAMES N. HATTEN, CLERK
By: RBachelor Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM A. ELLIS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2436-MHS |
| UNNAMED DEFENDANT, | : | |
| Respondent. | : | |

## ORDER AND OPINION

Petitioner William A. Ellis filed the instant action that the Clerk has docketed as a habeas corpus petition under 28 U.S.C. § 2241. The matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").

Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994). This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by

ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Notes.

I. <u>Discussion</u>

Petitioner seeks to challenge a warrant filed against him in Clayton County for theft of property. Petitioner presents no factual allegations suggesting that his claims cannot adequately be raised in his pending state prosecution and this Court is prohibited from intervening therein by the doctrine of abstention articulated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). In <u>Younger</u>, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." <u>Id.</u> at 43-44. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" <u>Id.</u> at 45 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 244 (1926)). Because Plaintiff fails to demonstrate that he lacks an adequate opportunity to present his claims in the state court proceedings, the <u>Younger</u> abstention doctrine prohibits this Court from addressing them.

Extraordinary circumstances may justify intervention in circumstances where a plaintiff alleges great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. Pretermitting whether Petitioner has alleged a flagrant violation of his rights so as to fall within this exception to the Younger doctrine, he must first exhaust his state court remedies before seeking federal habeas relief, which he apparently has not done. See 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971). As a matter of comity, state courts must be afforded a fair opportunity to hear claims raised in a federal habeas corpus petition which challenge a state's authority to place a petitioner into its custody. Picard, 404 U.S. at 275. Such a fair opportunity may include applying for state habeas relief.[1] Petitioner has made no showing or argument that would suggest that the available state process is ineffective to protect his rights. So long as review is available in the Georgia courts, therefore, "this Court is precluded from the consideration of the substance of [Petitioner's claims] until the issues have been squarely and fairly presented to

---

[1] Under Georgia law, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a).

3

the Georgia courts for their consideration." Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. See Castille v. Peoples, 489 U.S. 346 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

Thus, in light of the foregoing analysis, the instant petition should be dismissed pursuant to Rule 4 and Younger.

II.   Conclusion

In light of the foregoing analysis, **IT IS HEREBY ORDERED** that the instant petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

**IT IS FURTHER ORDERED** that in forma pauperis status be granted to Petitioner for the purpose of dismissal only.

**IT IS SO ORDERED**, this 23 day of Sept, 2010.

MARVIN H. SHOOB
SENIOR UNITED STATES DISTRICT JUDGE